IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TYRON JASON HEARD,** | |
| *Petitioner/Defendant*, | |
| v. | Criminal No.: 8:19-cr-00090-JRR-1 |
| | Civil No.: 8:20-cv-02175-JRR |
| **UNITED STATES OF AMERICA,** | |
| *Respondent.* | |

## MEMORANDUM OPINION

This matter comes before the court on *pro se* Petitioner Tyron Jason Heard's ("Heard") Unopposed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and supplement thereto. (ECF Nos. 39 and 40; "the Motion.") The court has reviewed all papers.

**I.   BACKGROUND**

On February 25, 2019, Heard was charged by Indictment with a single count of possession of a firearm by a previously convicted person in violation of 18 U.S.C. § 922(g)(1). (Indictment; ECF No. 1.) On November 4, 2019, pursuant to his Plea Agreement, Heard pled guilty and was sentenced. (Plea Agreement; ECF No. 22.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)), Heard and the Government agreed to a sentencing range of 30 to 37 months' incarceration with three years of supervised release. (ECF No. 22 ¶ 10.) On November 4, 2019, Judge George Hazel sentenced Heard to 37 months' incarceration and three years' supervised release. (ECF Nos. 31 and 33.) On November 5, 2019, the court entered judgment. (ECF No. 33.)

Attachment A to the Plea Agreement is a Stipulation of Facts signed by Heard, his counsel, and the Government. (Stipulation of Facts, ECF No. 22 at 9). Per the Stipulation of Facts, a Maryland State Police Trooper observed Heard "operating the Caravan while holding a cellular

telephone in his right hand" and "observed the vehicle drift outside its lane to its left two times." *Id*. The Trooper subsequently conducted a traffic stop. *Id*. Upon conducting the stop, the Trooper observed Heard as the "sole occupant of the [vehicle] and the registered owner." *Id*. The Trooper "detected the odor of burnt marijuana coming from the vehicle" and asked Heard "if there was any marijuana in the vehicle to which Heard stated 'just this' and handed over a hand rolled cigarette containing suspected marijuana." *Id*. Heard exited the vehicle and the Trooper conducted a search of the vehicle. (Stipulation of Facts, ECF No. 22 at 9.) Upon his search, the Trooper "located one SCCY Industries, Model CPX-1, 9mm, semi-automatic pistol, bearing serial number 031293 loaded with ten rounds of assorted 9mm ammunition under the driver's seat." *Id*. The Trooper also discovered a bag containing "two face masks" and "another handgun magazine," which "contained seven rounds of 9mm ammunition." *Id*.

The Stipulation of Facts further provides that "Heard knowingly possessed the firearm and ammunition recovered from his vehicle on October 19, 2018." *Id*. At the time of the incident, "Heard was on probation and prohibited from possessing a firearm as a result of a previous conviction for a felony punishable by a term of imprisonment exceeding one year, and his civil rights had not been restored." *Id*. Heard's prior felony conviction pertained to an armed robbery. (Stipulation of Facts, ECF No. 22 at 9.)

Heard did not appeal his conviction; instead, he filed the instant Motion on July 24, 2020. (ECF No. 39.) Heard argues that his guilty plea must be vacated in light of the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). (ECF No. 39). On November 23, 2020, Heard filed a supplement to his Motion, raising an additional argument of ineffective counsel. (ECF No. 40.) The Government failed to respond to the Motion or supplement at ECF Nos. 39 and 40.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside or correct, a federal prison sentence on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, the movant bears the burden of proving his claims by preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185(1979) (quoting *Hill*, 368 U.S. at 426-27 (1962)).

The scope of a § 2255 collateral attack is markedly narrower than an appeal, and a "collateral challenge may not do service for an appeal." *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (citations omitted). Relief under § 2255 is reserved for situations where a failure to grant relief would be "'inconsistent with the rudimentary demands of fair procedure' or constitute[] a complete 'miscarriage of justice.'" *United States v. Vonn*, 535 U.S. 55, 64 (2002) (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing on the Motion "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021). An evidentiary hearing on a § 2255 motion "is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the

3

claim." *Id.* at 176-77. If the district court "denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the appellate court reviews "the facts in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). As discussed in greater detail below, the record is more than sufficient for the court to decide Heard's claims without an evidentiary hearing, and therefore, the court declines to hold a hearing.

### III.    ANALYSIS[1]

Heard advances two arguments in support of the Motion: (1) in light of *Rehaif v. United States* his guilty plea is void, because the court accepted it without advising him of the element requiring knowledge of his prohibited status under § 922(g); and (2) his counsel was ineffective for failing to advise him of the elements of § 922(g). (ECF Nos. 39 and 40.)

#### A.    *Rehaif*

In *Rehaif v. United States*, the United States Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons

---

[1] Petitioner's Motion could be considered procedurally defaulted because Heard did not raise it on direct appeal. *See United States v. Gardner*, No. 07-CR-28, 2012 WL 1495595, at *2 (W.D. Va. Apr. 27, 2012) ("Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255.") (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, because procedural default is an affirmative defense and the Government did not respond to the Motion, Heard "was not provided with the necessary notice and opportunity to rebut the defense." *United States v. Johnson*, No. CCB-10-716, 2016 WL 2594728, at *2 n.2 (D. Md. May 5, 2016), *dismissed*, 690 F. App'x 105 (4th Cir. 2017). "The general rule that a plaintiff is not required to negate an affirmative defense unless and until the defendant has placed it in controversy, or the court has raised it *sua sponte* and given notice, is applicable in habeas cases, and particularly so in cases involving *pro se* petitioners[.]" *Id.*; *see United States v. Waters*, 64 F.4th 199, 206 (4th Cir. 2023) (Wynn, J., concurring) ("Surely, the government must plead procedural default as an affirmative defense or the defense will be lost. *United States v. Harris*, 991 F.3d 552, 558 (4th Cir. 2021). And because procedural default is not a jurisdictional issue, we are not required to raise it *sua sponte*."); *United States v. Coley*, No. CIV.A. DKC 13-0583, 2013 WL 5883589, at *2 n.3 (D. Md. Oct. 29, 2013) ("But because the Government has not raised the procedural default issue, the court declines to do so *sua sponte*."); *United States v. Waters*, No. 4:15-CR-00158-BHH, 2024 WL 3238023, at *3 (D.S.C. June 28, 2024) ("If raised by the government, a claim is procedurally defaulted and subject to dismissal if it could have been made on direct appeal but is raised for the first time in post-conviction proceedings."). In light of Heard's *pro se* status and the Government's failure to raise the issue (or to respond at all), the court declines to do so *sua sponte*.

barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019). Since the filing of Heard's Motion, "the jurisprudence surrounding *Rehaif* has been clarified." *United States v. Branch*, No. CR DKC 18-212, 2022 WL 971007, at *1 (D. Md. Mar. 31, 2022). In *Greer v. United States*, the Supreme Court reviewed a pair of consolidated cases[2] based on *Rehaif* and held:

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different. Because Greer and Gary did not make any such argument or representation on appeal in these cases, they have not satisfied the plain-error test.

593 U.S. 503, 514 (2021).

At the outset, the court notes that there is conflicting authority as to the proper standard to apply when analyzing a *Rehaif* claim on the merits. Some courts have analyzed *Rehaif* claims under plain-error review. *See, e.g., United States v. Plater*, No. CR PJM 13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022) ("Given the Supreme Court's later clarifications in *Greer*, this Court must now consider whether Plater's claim of error satisfies the standard tests of procedural default and plain-error review."); *United States v. Dempster*, No. CR PJM 14-0024, 2022 WL 486791, at *3 (D. Md. Feb. 17, 2022) ("Even if Dempster could demonstrate actual prejudice and overcome the procedural default, his claim would still not warrant vacatur on plain-error review."). Other courts analyze the merits of a *Rehaif* claim under the harmless error standard. *See, e.g., United States v. Waters*, No. 4:15-CR-00158-BHH, 2024 WL 3238023, at *6 n.6 (D.S.C. June 28, 2024) ("Even if Petitioner were able to overcome his procedural default, the

---

[2] *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). *Greer v. United States*, 798 Fed. App'x 483 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021).

5

Court finds his claim would fail on the merits because he cannot show the *Rehaif* error had a substantial and injurious effect on his conviction or otherwise prejudiced him." (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict"))); *United States v. Dandy*, No. CV 7:18-CR-00577-BHH, 2023 WL 7130565, at *6 n.7 (D.S.C. Oct. 30, 2023) ("Notably, Petitioner's burden to establish prejudice under the harmless-error standard is even higher than under the plain-error standard set out in Greer. Thus, for the reasons articulated *supra*, the Court finds that Petitioner has failed to show actual prejudice under the harmless-error standard. Consequently, the Court finds the *Rehaif* error harmless."); *Priester v. Briggs*, No. 920CV01294JFAMHC, 2021 WL 4755290, at *8 (D.S.C. Sept. 10, 2021), *report and recommendation adopted*, No. 9:20-CV-1294-JFA-MHC, 2021 WL 4754786 (D.S.C. Oct. 12, 2021) (noting that "[t]he Supreme Court has held, a 'less onerous harmless-error standard' applies on collateral review" and the petitioner "has failed to show any *Rehaif* errors had a substantial and injurious effect on his conviction or otherwise prejudiced him").  That notwithstanding, "[t]he difference between the two standards is not critical here, as plain-error review is similar to habeas review, in that both require the petitioner to show the error in question prejudiced him." *Priester v. Briggs*, No. 920CV01294JFAMHC, 2021 WL 4755290, at *8 n.7 (D.S.C. Sept. 10, 2021), *report and recommendation adopted*, No. 9:20-CV-1294-JFA-MHC, 2021 WL 4754786 (D.S.C. Oct. 12, 2021)

Whether the court applies the harmless error standard or plain-error review, Heard's claim fails. *Cf. Priester*, 2021 WL 4755290, at *8 n.7 (noting that "[t]he difference between the two standards is not critical here, as plain-error review is similar to habeas review, in that both require the petitioner to show the error in question prejudiced him" and concluding that under either

standard, the petitioner is not entitled to habeas relief). "To demonstrate plain error, a defendant must show that: '(1) there was error; (2) the error was plain; and (3) the error affected their substantial rights.'" *Plater*, 2022 WL 912396, at *3 (quoting *United States v. Simmons*, 11 F.4th 239, 263 (4th Cir. 2021)). "For the third prong—which asks whether a plain error affected a defendant's substantial rights—*Greer* requires [the petitioner] to show that but-for the *Rehaif* error, he would have gone to trial and presented evidence that he did not have knowledge of his status as a felon." *Id.* (citing *Greer*, 593 U.S. at 510); *see Greer*, 593 U.S. at 508 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

To demonstrate harmless error, Heard must show that "the *Rehaif* error had a substantial and injurious effect on his conviction or otherwise prejudiced him." *Waters*, 2024 WL 3238023, at *6 n.6; *see Davis v. Ayala*, 576 U.S. 257, 267-68 (2015) ("Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining [the outcome of the proceeding].") (citation and internal quotation marks omitted). In other words, Heard must show that "the omission of the knowledge-of-status element had a 'substantial or injurious effect' on the outcome of the proceedings." *Priester*, 2021 WL 4755290, at *8 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). "Notably, Petitioner's burden to establish prejudice under the harmless-error standard is even higher than under the plain-error standard set out in *Greer*." *Waters*, 2024 WL 3238023, at *6 n.6

Here, Heard fails to show prejudice under either standard. The record before the court demonstrates that Heard cannot reasonably argue that he was unaware of his felon status at the

time he possessed the firearm in 2018.  As part of his Plea Agreement, Heard stipulated that at the time of the offense, he **"**was on probation and prohibited from possessing a firearm as a result of a previous conviction for a felony punishable by a term of imprisonment exceeding one year, and his civil rights had not been restored." (Stipulation of Facts, ECF No. 22 at 9.)   The presentence investigation report included extensive information regarding Heard's criminal history and also established that he was sentenced to more than one year imprisonment for a felony conviction. (Presentence Investigation Report, ECF No. 25 at 11.)

"If a person is a felon, he ordinarily knows he is a felon." *Greer*, 593 U.S. at 508.  In *Greer v. United States*, the Supreme Court explained:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g *en banc*). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different. . . . [D]emonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'

593 U.S. 503, 508-10 (2021) (quoting *United States v. Gary*, 963 F.3d 420 (4th Cir. 2020), and *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)).

Here, based on the record, the Government "could have easily proven the knowledge-of-status element had [Heard] elected to go to trial instead of plead guilty." *Priester*, 2021 WL

8

4755290, at *8 (concluding that the petitioner failed "to meet his burden to show any *Rehaif* error in the indictment or guilty plea had a 'substantial or injurious effect' on the outcome of the proceedings"); *see United States v. Pascal*, 817 F. App'x 713, 717 (11th Cir. 2020) ("Because the facts in the record, taken together, indicate that Pascal knew of his status as a felon at the time of his possession of the firearm, he cannot show a reasonable probability that he would not have pled guilty if the knowledge requirement in *Rehaif* had to be proven.").

Accordingly, because Heard fails to provide evidence to suggest his guilty plea was prejudiced by any error under *Rehaif*, his claim fails under both plain-error and harmless error review.

### B. Ineffective Assistance of Counsel

Heard also contends that his counsel was "ineffective in violation of [his] sixth amendment right to effective counsel because she failed to advise me of the elements of 18 U.S.C. 922(g)(1) as required by *Rehaif*." (ECF No. 40 at 1). Specifically, Heard argues that his attorney failed to advise him "that the government had to prove that I had knowledge of my prohibited status at the time that I possessed the relevant firearm and she did nothing to remedy the error even after I entered my guilty plea before I was sentenced." *Id.*

It is well settled that the Sixth Amendment's "right to counsel is the right to effective counsel." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In *Strickland,* the Supreme Court established a two-part test to determine whether a convicted a person is entitled to relief on the ground that his counsel rendered ineffective assistance. *Id.* at 688.

Under the first prong of the test, the petitioner must demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness," which is to say that "counsel made errors so serious that counsel was not functioning as the 'counsel'

9

guaranteed the defendant by the Sixth Amendment." *Id.* at 687-88.  Under the second prong, the petitioner must show that the deficient performance prejudiced the defense (*id.* at 688) – in other words that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Fugit,* 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  Importantly, there is a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id.* at 689-90.

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.
>
> .   .   .
>
> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *Cf. Engle v. Isaac*, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Strickland v. Washington*, 466 U.S. 668, 688-90 (1984).

The court may address the two *Strickland* prongs in either order; if one prong is not met, the court need not address the second.

Even if the court concluded that counsel's failure to inform Heard of the knowledge element of the charge (per *Rehaif*) prior to sentencing was constitutionally deficient,[3] Heard's ineffective assistance of counsel claim fails under the second *Strickland* prong. In order to demonstrate prejudice, Heard must show that he would have elected to go to trial if counsel had advised him of the knowledge element (*i.e.,* that the Government bore the burden to demonstrate Heard knew he was a felon at the time of the criminal conduct). As stated above, Heard presents no evidence to suggest that he would have rejected or abandoned the proposed plea in favor of trial had counsel so advised him. *See* Section III.A., *supra.* Moreover, he offers no proof or basis to find that he would have received a more favorable outcome had he elected to go to trial. Accordingly, Heard's ineffective assistance of counsel claim fails.

C.  **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the court denies the petitioner's motion on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that Heard has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find Heard's claims debatable. *See Slack, supra*; *Miller-El v. Cockrell*, 537 U.S.

---

[3] Heard signed his plea agreement on June 4, 2019, pled guilty on June 20, 2019, and *Rehaif* was decided on June 21, 2019. At the time Heard entered into his plea agreement, therefore, the Supreme Court had not decided *Rehaif*, but at the time of Heard's sentencing, *Rehaif* had been issued. Regardless, even assuming Heard's counsel was ineffective for failing to inform him about *Rehaif* prior to sentencing, as discussed, *infra,* Heard fails to satisfy the second prong of *Strickland*.

11

322, 336-38 (2003) (noting that in order to satisfy § 2253(c)(2), "a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citation omitted)).  Therefore, a certificate of appealability is denied.

IV.     **CONCLUSION**

For the reasons set forth herein, by accompanying order, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and supplement thereto (ECF Nos. 39 and 40), are denied.


/S/

August 2, 2024

Julie R. Rubin
United States District Judge